HARRY REIN, RESPONDENT, v. THE TRAVELERS INSURANCE COMPANY, APPELLANT.

Submitted February 16, 1940—Decided April 25, 1940.

For the appellant, *John C. Stockel.*

For the respondent, *Paul W. Ewing.*

The opinion of the court was delivered by

PARKER, J. This is an action on one of six life policies with disability clause, which were involved in our decision in *Rein* v. *Travelers Insurance Co.,* 121 *N. J. L.* 565. The error leading to reversal in that case was the action of the trial court in enlarging the claim of damages to include monthly disability payments and return of premiums for a period after the beginning of the suit: but the claims of plaintiff up to the beginning of suit were sustained and the judgment affirmed to that extent.

The present suit, on one of the policies as already noted, is for disability payments and return of premiums for a period following February 17th, 1937, when the former suit was begun, and extends to and including February 16th, 1939, or two years. The right of recovery turns on the proper application of the "Permanent Total Disability Clause" in the policy, which reads as follows: *"Upon due proof* that since the payment of the initial premium upon this contract, before a default in the payment of any subsequent premium, prior to the maturity of the endowment, and before the anniversary of this contract nearest to the sixtieth anniversary of the date of birth, the insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive the payment of any premiums which may fall due on this contract during such disability and will pay from the commencement of such disability and during its continuance the disability income stated on the first page of this contract." We have italicised the first three words as they embody the nub of the appeal. The complaint in the present suit avers in paragraph 3 that on September 7th, 1936, while the policy was in force, plaintiff became wholly disabled by a disease known as coronary artery disease, and as a direct result thereof, plaintiff was continuously and wholly prevented

thereby for life from engaging in any occupation or employment for wage or profit. The fourth paragraph avers that on or about October 1st, 1936, plaintiff furnished to defendant due proof of his disability, and complied in all things with the terms, covenants and conditions of the policy; but (paragraph 5) the Company refused to pay the monthly benefit or waive the premiums. The answer set up, *inter alia,* that plaintiff had failed to furnish the "due proof;" particularly (fourth separate defense) any proof since February 17th, 1937, "the date to which defendant paid plaintiff disability and the return of premiums." The same thought appears elsewhere in the answer. The point of the defense, in this phase of the case, was and is, that although by the previous suit it was established that prior to the beginning of that suit plaintiff had furnished "due proof" of total and permanent disability during the period for which claim was made in that suit, yet that when claim was made for contract benefits under the policy for a period later than the beginning of the first suit, there should again be "due proof" of disability continued during that period, and that, failing such further "due proof," the .company was not liable. The trial judge ruled, in substance, that if total and permanent disability had been once proved to the Company, that proof was sufficient not only for the period before the first suit, but also for subsequent months; and accordingly admitted into evidence the record of the former suit, refused to nonsuit or to direct a verdict for defendant because of lack of further "due proof" and charged the jury, in substance, that as that record showed that due proof had been made once of total and permanent disability, that was sufficient as a condition precedent to the second suit, and that if the company claimed the disability had ceased to be either total or permanent, it had the burden of substantiating that claim. We think the trial judge properly dealt with this question. "Total and permanent disability" once shown to exist is obviously a condition which, from the very description of it, is presumed to continue for life. Quite conceivably, a constitutional condition may be wrongly diagnosed, or perhaps cleared up by some miracle; but miracles are not presumed, and the previous verdict nega-

tiyed any wrong diagnosis. The policy itself contains a clause that "independently of all other causes the Company will consider as permanent total disability the entire and irrecoverable loss of the sight of both eyes, or of use of both hands or of both feet, or of one hand and one foot." But as we have just observed as regards a constitutional condition, sight may possibly be restored, or the use of paralyzed hands or feet revived. But, as stated in the text of 22 *C. J.* 86: "Proof of the existence at a particular time of a fact of a continuous nature gives rise to an inference, within logical limits, that it exists at a subsequent time." In *Leport* v. *Todd*, 32 *N. J. L.* 124, 129, the late Chief Justice Beasley said: "It is a legal presumption that a possession, beginning in the assent of the landlord, continues in subordination to his title until a change of tenure is shown by the evidence." See, also, *Dobbelaar* v. *Hughes*, 109 *N. J. Eq.* 200, 202; *Wigm. Ev.*, § 437; *Millman* v. *U. S. Mortgage, &c., Co.*, 121 *N. J. L.* 28, and 10 *R. C. L.* 872. We conclude that the trial court properly admitted the record of the former suit as evidence that due proof of total and permanent disability had been submitted to the company as required by the policy, and properly held that it was for the company to show absence of that disability for the period covered by the second suit.

A further point is made that there should have been a nonsuit, because plaintiff "failed to prove that prior to the period of disability claimed in the complaint he had been engaged in any occupation or employment of any character for wage or profit." To this we think there are two answers. The first is that made in the respondent's brief, that the disability clause, quoted early in this opinion, makes no reference whatever to the contemplated existence of any previous employment; and the second is that plaintiff testified in rebuttal that he had been engaged in business as a butcher before his illness. The practical rule is that refusal to nonsuit for defect of proof when plaintiff rests is not error leading to a reversal if the defect be subsequently supplied by either party in the progress of the trial. *Bostwick* v. *Willett*, 72 *N. J. L.* 21, and cases cited; *Stuart* v. *Burlington County Farmers Exchange*, 90 *Id.* 584, 587. The rebuttal testimony was

objected to, and admitted over defendant's exception; but that exception is not argued, so the testimony now stands unchallenged.

Under the seventh ground of appeal counsel allege error in that the court allowed a Dr. Boas to testify in rebuttal of the testimony of several medical witnesses for the defense, that disability was not total and permanent during the period covered by the present suit. Such testimony, of course, was directed toward overcoming or neutralizing the presumption of a continuance of the total and permanent disability adjudged in the former case. We see no injurious error. It is elementary law that the admission of cumulative evidence in rebuttal is discretionary with the court; and we think that in this instance the discretion was in no way abused. The record of the former case established that due proof of permanent disability had been made, and the condition of the policy thereby satisfied. The expert witnesses for the company gave evidence of (a) an examination by one physician during the prior suit; (b) an examination by that physician during the period covered by the second suit; and (c) examinations by that physician and three others after the beginning of the second suit. But none of these bore on the making of "due proof" to the company prior to the second suit, except inferentially. An essential feature of this testimony was that the "total and permanent disability" no longer existed; and this, in fairness, the plaintiff was entitled to meet by counter proof. We may add, that as a technical matter, the seventh ground of appeal rests on an exception of at least doubtful efficacy. Dr. Boas testified to having examined plaintiff on four dates, the first in May, 1937, after the beginning of the former suit, and the last in May, 1939, after the beginning of the present suit. Plaintiff's counsel then asked: "*Q.* Will you please tell the court and jury what your examination consisted of?" This was objected to "as not being proper rebuttal." A colloquy followed, in which the court invoked discretion, and finally said: "and in order that you may be protected and not be required to object to every question, the court will allow you a blanket exception to this witness' testimony." The direct testimony proceeded without any further

objection except to one question, not now challenged. Viewing the objection and exception as confined to a ruling by the court that as the presumption of continued disability arising from the former judgment was attacked by testimony that the total disability had ceased to exist, plaintiff was in fairness entitled to meet that testimony, we see no error in the ruling.

One other point remains for consideration, and it is this: the suit was primarily for disability benefits, and secondarily for the return of premiums which the company had demanded and collected notwithstanding the claim of total and permanent disability. The court refused to direct a verdict for defendant on this branch of the case, and charged the jury that if a case on disability had been made out, the waiver of premiums in the policy was effective, and plaintiff was entitled to recover back the premiums paid. The argument now is, not that they were voluntarily paid, or were not refundable at all, but that it appeared that they were paid out of funds belonging to plaintiff's wife, and paid by her: and hence she, and not plaintiff, was the one entitled to the repayment. We deem this point to be wholly without substance. The wife was no party to the contract except as beneficiary in case of death. The premiums were due, if at all, from the husband; it is not suggested that they were credited to anyone else on the company's books, or that the wife had made any claim for them, or even that the company had recognized her in any way until after plaintiff had testified to her payment of the premiums. No such ground was set up in the answer. We deem it wholly without merit.

This seems to dispose of all the questions raised on the appeal. The judgment is therefore affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.